IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA MUNOZ<br>*Plaintiff,*<br><br>V.<br><br>SI 34TH-290, LLC,<br>TREELINE PARTNERS, LTD, and<br>CHIPOTLE MEXICAN GRILL, INC.<br>*Defendants*. | §<br>§<br>§<br>§  C.A. NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant Chipotle Mexican Grill, Inc., pursuant to 28 U.S.C. §§ 1332 and 1441(a), and without waiving any defenses, hereby gives notice of removal of this case from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and shows the Court as follows:

## **I.**
## **INTRODUCTION**

1. Plaintiff Sandra Munoz filed this action for alleged personal injuries against Defendant SI 34TH-290, LLC on September 16, 2022 in the 129th Judicial District Court of Harris County, Texas. The case was assigned Cause No. 2022-59307. Plaintiff then filed her First Amended Petition on January 24, 2023, adding Chipotle Mexican Grill, Inc. and Treeline Partners, Ltd as additional defendants. The state court has not issued any rulings in this case.

2. Plaintiff alleges that she sustained injuries on September 9, 2022, at a Chipotle store located at 11150 Northwest Fwy, Houston, Texas 77092 (the "subject Chipotle store"), when she allegedly slipped and fell on water that was left on the floor. Plaintiff incorrectly alleges that the Chipotle restaurant was owned and operated by Defendants SI 34th-290, LLC, Treeline Partners, Ltd., and

1

Chipotle Mexican Grill, Inc. To the contrary, the restaurant was owned and operated by Chipotle Mexican Grill, Inc. only.

3. Venue is proper in this district under 28 U.S.C. § 1441(a) because this Court occupies the district and division in which Plaintiff's Original Petition was filed.

4. This Notice of Removal is being filed within 30 days of service of process. Defendant Chipotle Mexican Grill, Inc. was served with a copy of Plaintiff's First Amended Petition on January 27, 2023. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5. Defendant Chipotle Mexican Grill, Inc., will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## II.
## BASIS FOR REMOVAL

6. Removal of this action is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Texas. Chipotle Mexican Grill, Inc. is a citizen of Delaware and Colorado because it is incorporated in Delaware and has its principal place of business in Colorado. The amount in controversy exceeds $75,000, excluding interest, costs, and attorney's fees. 28 U.S.C. § 1332(a). Under Paragraph 3 of her First Amended Petition, Plaintiff alleges that she "seeks monetary relief over $1,000,000.00" *See* Exhibit D at ¶ 3 (Plaintiff's First Amended Petition).

7. Removal of this action is proper because Defendants SI 34th-290, LLC and Treeline Partners, Ltd., which are in-state defendants, have been improperly joined in this suit. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). Plaintiff has no possibility of establishing a cause of action against Defendants SI 34th-290, LLC and Treeline Partners, Ltd. because they are merely the landowner and landlord of the commercial property on which the

subject Chipotle store is located and did not have control over the premise which was leased to Defendant Chipotle Mexican Grill, Inc. A lessor of premises generally has no duty to tenants or their invitees for dangerous conditions on the premises, due to the notion that the lessor relinquishes possession of the premises to the lessee. *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996). There are exceptions to this general rule – a lessor may be held liable for injuries resulting from (1) the lessor's negligent repairs; (2) concealed defects on the leased premises of which the lessor is aware; or (3) a defect on a portion of the premises remaining under the lessor's control. *Id.* However, none of the exceptions apply here, because Plaintiff alleges that she slipped and fell on water that was left on the floor of the restaurant and does not allege that she was injured due to the lessor's negligent repairs or concealed defects on the leased premises. *See* Plaintiff's First Amended Petition, Exhibit D, at 13. Defendants SI 34th-290, LLC and Treeline Partners, Ltd. also did not retain any control over the subject Chipotle store, which was solely owned, operated and controlled by Chipotle Mexican Grill, Inc. at all times relevant. Because Plaintiff has no possibility of establishing a cause of action against Defendants SI 34th-290, LLC and Treeline Partners, Ltd., this removal is proper. *See Nelson v. Chevron USA Inc.*, No. CV M-09-320, 2010 WL 11583424, at *3 (S.D. Tex. Mar. 2, 2010) (denying the plaintiff's Motion to Remand based on finding that the lessor owed no duty of care to the plaintiff, citing *Endsley*).

8.     Consent of Defendants SI 34th-290, LLC and Treeline Partners, Ltd. to this removal is not required because they have been improperly joined. *Jernigan v. Ashland Oil Co., Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). However, in the unlikely event that the Court determines otherwise, Defendant SI 34th-290, LLC hereby joins in this removal. Defendant Treeline Partners, Ltd. has

not been served with process and has not made an appearance in this suit.

## III.
## JURY DEMAND

9.   Defendant SI 34th-290, LLC demanded a jury in the state court action.

## IV.
## DOCUMENTS FILED WITH THIS NOTICE PURSUANT TO LOCAL RULE CV-81

10.   Pursuant to Southern District of Texas Local Rule 81, Chipotle Mexican Grill, Inc., files the following documents with this Notice.

> EXHIBIT A:   An Index of all matters being filed with this Notice.
>
> EXHIBIT B:   List of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented.
>
> EXHIBIT C:   Docket sheet from Cause No. 2022-59307, in the 129th Judicial District Court of Harris County, Texas.
>
> EXHIBIT D:   All pleadings filed in Cause No. 2022-59307, in the 129th Judicial District Court of Harris County, Texas.
>
> EXHIBIT E:   All executed process filed in Cause No. 2022-59307, in the 129th Judicial District Court of Harris County, Texas.

## V.
## CONCLUSION

BASED ON THE FOREGOING, Defendant Chipotle Mexican Grill, Inc. removes this case from the 129th Judicial District Court of Harris County, Texas, to this Court.

*{Signature Page Follows}*

Respectfully submitted,

BLUE WILLIAMS, LLC

By:    */s/ Steven S. Reilley*
      Steven S. Reilley
      State Bar No. 00791502
      Federal ID No. 018730
      sreilley@bluewilliams.com
      Minbo Shim
      State Bar No. 24112312
      Federal ID No. 3399056
      mshim@bluewilliams.com
      1021 Main St., Suite 1950
      Houston, Texas 77002
      Telephone:   (713) 658-0880
      Facsimile:    (713) 658-0330
      Houston-Service@bluewilliams.com

ATTORNEYS FOR DEFENDANT
CHIPOTLE MEXICAN GRILL, INC.

## CERTIFICATE OF SERVICE

I certify that on February 22, 2023, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all appearing parties by operation of the court's electronic filing system, and via United States first class mail, postage prepaid, to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

      */s/ Minbo Shim*
      Minbo Shim