United States District Court
Southern District of Texas
**ENTERED**
June 30, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SANDRA MUNOZ, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00054 |
| | § | |
| SI 34TH-290 LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). There are two main types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction applies to any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction allows district courts to hear and decide cases between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1), (b).

This slip-and-fall case concerns personal injuries that Plaintiff Sandra Munoz ("Munoz"), a Texas citizen, allegedly sustained at a Chipotle store in Houston. On September 16, 2022, Munoz instituted suit against Defendant SI 34th-290, LLC ("SI 34th-290") in the 129th Judicial District Court of Harris County, Texas. Munoz asserts state law claims of premises liability and negligence, and "seeks monetary relief over $1,000,000." Dkt. 1-4 at 12, 14. On January 24, 2023, Munoz amended her petition to add Defendant Chipotle Mexican Grill, Inc. ("Chipotle"). On January 27, 2023, Munoz served Chipotle. On February 22, 2023, Chipotle removed this action to federal district court on the basis of diversity jurisdiction.

There is no question that Munoz's First Amended Petition, which "seeks monetary relief over $1,000,000," satisfies the amount-in-controversy requirement. *Id.* at 12. There is also no question that Chipotle—a Delaware corporation with its principal place of business in Colorado—is diverse from Munoz, a Texas citizen. But Munoz is not diverse from SI 34th-290, which is considered a Texas citizen for purposes of diversity jurisdiction because its sole member is domiciled in Texas. *See* Dkt. 20. In its Notice of Removal, however, Chipotle argues that the citizenship of SI 34th-290 should be disregarded because SI 34th-290 is improperly joined.

Federal district courts are "prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (citing 28 U.S.C. § 1359). The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quotation omitted). Chipotle argues that the latter applies here. Specifically, Chipotle contends that Munoz "has no possibility of establishing a cause of action against [SI 34th-290] because [it is] merely the landowner and landlord of the commercial property on which the subject Chipotle store is located and did not have control over the premise." Dkt. 1 at 2–3.

On June 5, 2023, Chipotle submitted the parties' Joint Discovery/Case Management Plan (the "Joint Plan"). The Joint Plain reflects that Munoz's counsel "attended the [Rule 26(f)] meeting" and agreed to the contents of the Joint Plan by giving permission to Chipotle's counsel to sign his name. Dkt. 13 at 1, 4. The Joint Plan states that SI 34th-290 is "improperly joined" and that no party disagrees with Chipotle's jurisdictional allegations. *Id.* at 2. Yet, at the June 9, 2023 initial status conference, Munoz's counsel informed me—contrary to the Joint Plan—that he believes SI 34th-290 is a proper defendant to this action. When I asked when

Munoz would move to remand this matter back to state court, Munoz's counsel told me that Munoz would consent to this court's jurisdiction.

It is axiomatic that federal "jurisdiction cannot be conferred by consent of the parties." *Brenner v. Manson*, 383 U.S. 519, 523 (1966); *see also Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("Unlike an objection to venue, lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties."). This court either has jurisdiction (because SI 34th-290 is improperly joined) or it does not. If Munoz agrees—as reflected in the Joint Plan—that SI 34th-290 is improperly joined, then Munoz should dismiss SI 34th-290 from this matter so that this litigation can proceed in federal district court. If, however, Munoz believes that SI 34th-290 is a proper party, then she should move to remand this matter to state court. Dismissal of SI 34th-290 or remand to state court—those are the only two possible outcomes here.

Accordingly, by July 14th, 2023, Munoz must either dismiss SI 34th-290 from this litigation or respond to Chipotle's improper joinder argument by filing a motion to remand.

IT IS SO **ORDERED**.

SIGNED this 30th day of June 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE