Case 3:23-cv-00054   Document 22   Filed on 07/18/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SANDRA MUNOZ, | § § § § | |
| Plaintiff. | | |
| V. | § § § § § § | CIVIL ACTION NO. 3:23-cv-00054 |
| SI 34TH-290 LLC, *et al.*, | | |
| Defendants. | | |

## OPINION AND ORDER

On February 22, 2023, Defendant Chipotle Mexican Grill, Inc. ("Chipotle") removed this slip-and-fall case to federal district court on the basis of diversity jurisdiction. Chipotle argues that its co-defendant, SI 34th-290 LLC ("SI 34th-290"), is improperly joined because Plaintiff Sandra Munoz ("Munoz") "has no possibility of establishing a cause of action against" SI 34th-290. Dkt. 1 at 2. On June 30, 2023, I told Munoz that there are "only two possible outcomes" in this removed case: "This court either has jurisdiction (because SI 34th-290 is improperly joined) or it does not." Dkt. 21 at 3. I told Munoz that she "must either dismiss SI 34th-290 from this litigation or respond to Chipotle's improper joinder argument by filing a motion to remand." *Id.* Munoz has done neither.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). If Munoz refuses to address the jurisdictional issues I have raised, then I will do it for her by ruling on Chipotle's improper joinder argument.

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Chipotle argues the latter—that Munoz "has no possibility of establishing a cause of action against [SI 34th-290] because [it is] merely the landowner and landlord of the commercial property on which the subject Chipotle store is located and did not have control over the premise." Dkt. 1 at 2–3.

"A lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises." *Johnson Cnty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996). The three exceptions to this rule are: (1) where a lessor makes negligent repairs; (2) where a lessor conceals a defect on the premises; and (3) where a lessor causes "a defect on a portion of premises that remain under the lessor's control." *Id.* None of these exceptions apply here, where Munoz alleges only that "she slipped and fell on water that was left on the floor." Dkt. 1-4 at 13. More importantly, Munoz has not alleged that SI 34th-290 was negligent in making repairs, concealed a defect, or exercised control of the premises.[1] Accordingly, I find that: (1) Munoz is unable to establish a cause of action against SI 34th-290; (2) SI 34th-290 is improperly joined; and (3) this court has subject matter jurisdiction over Munoz's claims against Chipotle.

Munoz's claims against SI 34th-290 are **DISMISSED**.

SIGNED this 18th day of July 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Munoz has had ample opportunity to contest Chipotle's assertion that SI 34th-290 is a landowner/landlord without control of the premises on which Chipotle is located, yet she has failed to do so.